#### UNITED STATES DISTRICT COURT

#### DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tracey Moore, | Case No. 2:25-cv-01167-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER and REPORT and RECOMMENDATION** |
| Wynn Resorts, et al., | |
| Defendant. | |

Pro se Plaintiff Tracey Moore moves to proceed *in forma pauperis* (IFP). *See* ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them.[1] Accordingly, the Court will grant her request to proceed *in forma pauperis*.[2] The Court now screens Plaintiff's complaint (ECF No. 4).

**I.     Screening the Complaint**

    **A.     Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

---

[1] Moore has not signed the application. As a result, she must re-submit a signed application by August 8, 2025. Failure to do so may result in the dismissal of her case.

[2] Minikon has not submitted an application to proceed in forma pauperis or paid the filing fee. She will have until August 8, 20205 to either file the application or pay the fee. Failure to do so may result in her being dismissed as a Plaintiff in this case.

*v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.      Screening**

Plaintiff's complaint asserts the following causes of action: (1) Violation of ADA under 42 U.S.C. § 12101, (2) Violation of Civil Rights Act under 42 U.S.C. § 1981, (3) Intentional Infliction of Emotional Distress, (4) Spoliation of Evidence, and (5) Violation of FRCP 27.

At the outset, the court notes that the spoliation of evidence and the violation FRCP 27 do not constitute causes of action. Failure to preserve evidence and a violation of Rule 27 may give rise to specific remedies within the confines of the litigation itself, but are not separate causes of action. As a result, the court recommends that Counts 4 and 5 be dismissed with prejudice.

Next, the court evaluates Moore's claim for a violation of the ADA, 42 U.S.C. § 1981, and Intentional Infliction of Emotional Distress.

Title 42 U.S.C. § 12112 provides that,

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

Moore does not specify what her disability is as defined by the ADA or how her rights were violated. Indeed, it is not even clear whether she is alleging an ADA discrimination claim within the employment context. Even liberally construing Plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim.

The same can be said for her claim under 42 U.S.C. § 1981. That section provides,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

But no facts have been alleged to support this claim other than stating that "Defendants engaged in racially and disability-motivated retaliation and harassment."

Lastly, for the court to exercise supplemental jurisdiction over the Intentional Infliction of Emotional Distress claim, Plaintiff must first properly allege a claim over which this court has federal question jurisdiction (such as Claims 1-2). In addition, Nevada law requires Plaintiff to show: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe*, 116 Nev. 395, 398–99 (2000). The Nevada Supreme Court has defined "extreme and outrageous conduct" as "conduct which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 114 Nev. 1, 4 (1998). Conduct that is merely "inconsiderate and unkind" does not rise to the level of outrage. *Id*. Plaintiff simply alleges that "Defendants caused severe emotional distress through reckless, knowing, and targeted misconduct," which is not sufficient to state this claim.

As a result, the court will dismiss Counts 1-3 with leave to amend. If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and the defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of

Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against it and of Plaintiff's entitlement to relief. In this case, that means specifying which defendant is responsible for what conduct.

In addition, it is not clear whether these allegations are being raised by both Plaintiffs, or whether Moore is raising some claims while Minikon is raising others. As a result, the amended complaint needs to be very clear as to how each of Plaintiffs' rights were violated.

Lastly, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 4) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## II.     Motion for Temporary Restraining Order (ECF Nos. 2 and 5)[3]

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain this extraordinary remedy, a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Id.* The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *LIT Ventures, LLC v. Carranza*, 457 F. Supp. 3d 906, 908 (D. Nev. 2020)(citing *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)).

As explained above, at this juncture Plaintiff does not have any live claims. As a result, she cannot establish a likelihood of success on the merits. Moreover, she can accomplish the same goal by sending a preservation letter to the defendants. No discovery needs to be ordered in this case until and unless Plaintiff is allowed to proceed with one or more claims. Moreover, discovery need never be filed on the docket unless it is in support of a specific motion. Lastly, it

---

[3] Given the similarities between ECF Nos. 2 and 5 the court treats both of them as motion for Temporary Restraining Orders.

is not clear how the request to enjoin defendants from "conducting surveillance, following, or harass[ing]" Plaintiffs relates to any of the proposed causes of action.

### III. Motion to fie Media Submissions under Seal (ECF No. 6)

As explained above, at this juncture, there is no need for Plaintiff to file any evidence in the record. Indeed, it is only proper to do when accompanying a motion. Should the need arise, plaintiff may then seek to file under seal, as appropriate.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Moore's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT FURTHER ORDERED** that Claims 1-3 are **dismissed with leave to amend**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, she must do so by **August 8, 2025**. Failure to comply with this order will result in a recommendation that this case be dismissed.

**IT IS RECOMMENDED** that Claims 4-5 be **dismissed with prejudice**.

**IT IS RECOMMENDED** that the Motions for Temporary Restraining Order (at ECF Nos. 2 and 5) be **DENIED**.

V. **IT FURTHER ORDERED** that **the** Motion to fie Media Submissions under Seal (ECF No. 6) is **DENIED**.

///

///

///

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 9, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE