UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tracey Moore, | Case No. 2:25-cv-01167-CDS-BNW |
| Plaintiff | Order Adopting Magistrate Judge's Report and Recommendation and Denying Plaintiff's Emergency Motion and Motion for Temporary Restraining Order |
| v. | |
| Wynn Resorts LLC, et al., | |
| Defendants | [ECF Nos. 2, 5, 8] |

Pro se plaintiff Tracey Moore[1] brings this civil rights lawsuit against defendants Wynn Resorts LLC, Snell & Wilmer LLP, Thomas Reich, and Dawn Davis alleging violations of the Americans with Disabilities Act and Civil Rights Act under 42 U.S.C. § 1981 along with claims of intentional infliction of emotional distress, spoliation of evidence, and violations of Federal Rule of Civil Procedure 27. Compl., ECF No. 4. Moore submitted an unsigned application to proceed *in forma pauperis*. ECF No. 1. As it pertains to Moore, United States Magistrate Judge Brenda Weksler screened the complaint under 28 U.S.C. § 1915(e)(2) and dismissed with leave to amend claims one, two, and three. Order, ECF No. 8. In the screening order, Judge Weksler issued a report and recommendation (R&R) that I dismiss with prejudice Moore's claims for spoliation of evidence (claim four) and violation of Rule 27 (claim five). *Id.* at 2. She further recommends that I deny Moore's emergency motion to preserve evidence[2] (ECF No. 2) and motion for temporary restraining order (ECF No. 5) because, at this juncture, Moore does not have any live claims. *Id.* at 4.

Moore had until July 23, 2025, to file any specific, written objections to the magistrate judge's R&R. *Id.* at 6 (citing Local Rule IB 3-2 (stating that parties wishing to object to the

---

[1] The complaint also includes plaintiff Ophelia Minikon. ECF No. 4. However, Minikon has not applied to proceed *in forma pauperis* nor paid the filing fee. She has until August 8, 2025, to either do either. ECF No. 8 at 1. Failure to do so may result in her being dismissed as a plaintiff in this case. *Id.*
[2] Judge Weksler construes this motion as a motion for temporary restraining order. ECF No. 8 at 4 n.3. I concur in this assessment and do the same.

findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline passed and Moore has not objected nor requested more time to do so. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless conduct one here. The magistrate judge properly recommends dismissal of Moore's spoliation of evidence claim and violations of Fed. R. Civ. P. 27.[3] Although pro se litigants should be given leave to amend unless it is absolutely clear that the defective complaint cannot be cured by amendment, *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995), here, amendment would be futile.

Further, I find that Judge Weksler correctly concludes that Moore's motions for a temporary restraining order must be denied as they are premature. *See* ECF No. 8 at 4. As explained in the R&R, in considering a temporary restraining order, courts weigh the likelihood of success on the merits. *Id.*; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). At this juncture, Moore has not met her burden of showing a likelihood of success on the merits. Thus, the motions for a temporary restraining order are denied.

Because Moore does not object to the R&R and because it was not clearly erroneous or contrary to law, I accept the R&R in its entirety and dismiss Moore's claims for spoliation of evidence (claim four) and violations of Rule 27 (claim five) with prejudice. I also deny Moore's motions for a temporary restraining order.

---

[3] Although there is no independent tort for spoliation of evidence in Nevada, the Supreme Court of Nevada has stated that a negligence claim for spoliation may exist where the circumstances of the case show that the defendant owed a duty to the plaintiff to preserve evidence. *Timber Tech Engineered Bldg. Prods. v. The Home Ins. Co.*, 55 P.3d 952, 954 (Nev. 2002). Those circumstances are not present here. Further, the rules of procedure "shall not abridge, enlarge or modify any substantive rights," 28 U.S.C. § 2072, and therefore cannot create an independent cause of action.

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 8] is accepted and adopted in full**. The plaintiff's claims four and five are **dismissed with prejudice**.

IT IS FURTHER ORDERED that plaintiff's emergency motion to preserve evidence **[ECF No. 2]** and motion for temporary restraining order **[ECF No. 5] are denied**.

As order by the magistrate judge, if Moore wishes to file an amended complaint on claims 1–3, she must do so by August 8, 2025.

Dated: July 31, 2025

_____
Cristina D. Silva
United States District Judge